Benko, Appellant, v. Vesta Coal Company.

Argued April 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

A. L. McLaughlin, Jr., for appellant.

William A. Challener, Jr., with him Frank McC. Painter and William A. Challener, for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

The claimant in this workmen's compensation case has appealed from an order of the court below dismissing his petition, filed October 6, 1938, to set aside a final receipt signed by him on August 10th of that year. The controlling question of law here involved relates to the extent of the burden of proof assumed by claimant when he filed his petition, i. e., whether his burden was measured by the provisions of Section 434 of the amendatory Act of June 4, 1937, P. L. 1552, (effective January 1, 1938, and in force when claimant was accidentally injured on June 8, 1938), 77 PS §1001, which authorizes the setting aside of a final receipt, inter alia, merely upon proof the injured employee "had an existing disability at the time the final receipt was taken"; or whether he was required to carry the greater burden prescribed by the further amendment to the section made by the Act of June 21, 1939, P. L. 520, 77 PS

§1001, (Supplement 1941), namely, presentation of conclusive proof "that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon mistake of law or of fact."

The board concluded, as a matter of law, that the Act of 1937 applied, and found, as matters of fact, that the claimant had an existing total disability when he signed the receipt, which continued until June 24, 1939; by its order of November 7, 1940, the board reinstated, as of July 11, 1938, the agreement terminated by the receipt and awarded payments thereunder until June 24, 1939, at which date it found claimant's disability ceased.

Upon the employer's appeal to the court below, that tribunal, in an opinion filed June 2, 1941, disagreed with the conclusion of law reached by the board, held that the Act of 1939 applied because the litigation had not terminated prior to its effective date, July 1, 1939, and dismissed claimant's petition as he had neither pleaded, nor offered any proof of, fraud, coercion, improper conduct of his employer, or mistake of law or fact. This appeal to us by the claimant followed.

With regard to this question of law we are of opinion that the court below erred in holding that Section 434 is procedural to the extent that the Act of 1939 applies retroactively in this case. Claimant was employed as a loader in one of the defendant's mines and sustained an accidental injury to his right shoulder on June 8, 1938. Under an original and a supplemental agreement he was paid compensation up to July 11, 1938; he then undertook to return to work and with the assistance of his buddy, Leon Cherok, attempted to perform his duties when the mine was in operation (two or three days a week) until August 31, 1938. On August 10, 1938, (while the Act of 1937 was in force), he executed and delivered the final receipt here in question; it was in the usual form and recited that claimant "was able to return to work on July 11, 1938, without any loss of earning power." In his petition claimant averred:

"After signing the final receipt, I returned to work at my former occupation, which work I was not able to continue due to the fact that there was a pain in my right shoulder. At the present I am totally disabled as a result of the accident." Defendant, in its answer, denied claimant had any disability subsequent to July 11, 1938, the date to which compensation had been paid.

The hearings before the referee and the final determination of the issues of fact did not take place until after the amendment of 1939 to Section 434 had become effective. We are of opinion, however, that its provisions, which imposed upon claimant a much heavier burden of proof than existed at the time he executed and delivered the receipt, are not so purely procedural as to bring this case within the principles announced in such cases (relied upon below) as *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731, involving merely the extent of review of appellate tribunals in compensation cases, and *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa. Superior Ct. 470, 16 A. 2d 754, relating to statutory limitations for the filing of claim petitions.

By the Act of 1937 claimant, having been accidentally injured while it was effective, became vested with the right to receive compensation for longer periods of disability and at higher rates than had theretofore been prescribed. He also acquired the right, under his statutory contract of employment, to have any final receipt he might give while it was in force set aside upon showing by a preponderance of evidence that when it was executed he "had an existing disability," as contrasted with the prior requirement that he prove it was procured by "fraud, coercion, or other improper conduct of a party, or [was] founded upon mistake of law or fact." We see no ground for an inference that the legislature, by the enactment of the Act of 1939, attempted to abrogate any right which vested in an employee during the period the Act of 1937 was operative.

In our opinion, the present case is ruled, in principle,

by our recent decision in *Mancini v. Pa. Rubber Co. et al.,* 147 Pa. Superior Ct. 359, 24 A. 2d 151. That case also involved, inter alia, a petition to set aside a final receipt signed December 23, 1930. The issues arising upon that branch of the case had not been determined when the amendment of 1937 was made to Section 434. It was contended that the amendment should be applied in favor of the claimant in the disposition of that case. At page 369 of the opinion of this court President Judge KELLER disposed of that contention as follows:

"We cannot adopt the suggestion of claimant's counsel that the amendment to Section 434 contained in the Act of June 4, 1937, P. L. 1552, (effective January 1, 1938,) applies. Although procedural in character, its provisions cannot be invoked as respects an application made to set aside a final receipt signed [seven] years before its effective date, just because it happened to be still pending and undetermined on January 1, 1938. If it could be, it would likewise be affected by the repeal of the Act of 1937 by the Act of June 21, 1939, P. L. 520, effective July 1, 1939, while the matter was still pending and undetermined."

True, the period of time between the date of the execution of the receipt in that case and the effective date of the amendment there invoked was much longer than in the case now at bar, but the principle there announced is equally applicable here. See also *Bertges v. Armour & Company of Delaware,* 149 Pa. Superior Ct. 123, 27 A. 2d 422.

On the question of fact whether or not claimant had an "existing disability" when the receipt was taken the board, after reviewing the evidence, found that total disability, due to the accident, then existed and continued until June 24, 1939. Our sole duty in this connection is to ascertain whether these findings are sustained by substantial and competent evidence. The claimant testified that when he signed the receipt his shoulder

"still bothered him"; that he had constant pain in it during the period he attempted to work, which was not relieved by treatment administered at the hospital and by the company doctor; that his buddy did most of the work; and that he was finally obliged to quit work on August 31, 1938. His buddy corroborated claimant; in reply to the question, "And did you have to help him to do some of his work?" the witness replied, "I do pretty near all myself."

Dr. J. B. Skurkay, who treated claimant with short wave therapy twice each week from November 15, 1938, until June 24, 1939, when he discharged him as able to return to work, expressed his positive professional opinion that claimant, during that period, was totally disabled "as a loader." When asked upon what his opinion was based, the doctor replied, "limited motion of the right shoulder due to traumatic arthritis and subacromial bursa," and in another portion of his testimony definitely attributed the disability to the accident. The medical testimony introduced by the defendant was quite vague and speculative.

On the other hand, Dr. Skurkay's testimony was definite and specific; it was based not only upon claimant's history of the case but also upon a course of examination and treatment by the witness for a number of months. In our opinion, there was medical and lay testimony sufficient in quantity and quality, if believed, as it was by the board, to overcome the statutory presumption that claimant's disability had ceased when the final receipt was signed, and to show the continuance of total disability until June 24, 1939.

The order appealed from is reversed and the record remitted to the end that judgment may be entered upon the award made by the board.