Uglaky, Appellant, *v.* Hudson Coal Company.

Argued March 1, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*George Miller,* with him *S. U. Colbassani,* for appellant.

*Francis D. Mahon,* with him *Rudolph S. Houck,* for appellee.

OPINION BY BALDRIGE, J., April 26, 1943:

In this workmen's compensation case the learned court below reversed the board in setting aside a final receipt and granting an award to John Uglaky, the claimant, for partial disability.

Uglaky was injured on June 15, 1937, in the course of his employment. An agreement was entered into whereunder the claimant was paid compensation at the rate of $15 per week from June 22, 1937 to April 5, 1939, a period of 93 2/7 weeks or a total of $1399.29. The receipt accompanying the final check recited these payments and claimant acknowledged therein his ability to return to work on April 6, 1939.

On November 13, 1939, the claimant filed a petition to set aside the final receipt alleging that contrary to his statement he had not been able to resume work in April 1939 and that his disability continued. The defendant filed an answer denying claimant's allegations and averred that he had signed the final receipt on April 24, 1939. The claimant at the hearing that followed admitted his condition was the same as when he signed the final receipt. The referee found that the

hysteria and osteoarthritis from which the claimant suffered was not the result of the accident on June 15, 1937, and that there was no mistake of fact or law at the time of the filing of the receipt and dismissed the petition. The board on appeal determined that in the interest of justice the record should be remanded for a further hearing to obtain the opinion of an impartial expert neurologist.

A second referee, after hearing the testimony of Dr. Thomas A. Rutherford, the expert so appointed, found that "beginning April 6, 1939 the petitioner was suffering from traumatic hysteria ...... caused by the accident of June 15, 1937" resulting in a partial disability of fifty per cent and awarded further compensation, and found also that the final receipt was signed under a mistake of fact. The board affirmed the findings and the award with a modification as to the amount, which is here immaterial.

The position taken by the court below was that there was insufficient evidence to establish a causal connection between the accident and the subsequent hysteria.

The question was raised as to the burden that rested upon the claimant in seeking to have the final receipt set aside. The answer depends upon the effective date of the receipt. Under section 434 of the Workmen's Compensation Act, as amended June 4, 1937, P. L. 1552, effective January 1, 1938, 77 PS §1001, a claimant was required to establish only that he "had an existing disability at the time the final receipt was taken" while under the later amendment to that section contained in the Act of June 21, 1939, P. L. 520, effective July 1, 1939, 77 PS §1001, Pocket Part Supplement 1942, it must be "conclusively proved that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon mistake of law or of fact."

We have expressly ruled that the applicable statute

is the one in effect when the receipt is signed and delivered: *Bertges v. Armour & Company of Delaware*, 149 Pa. Superior Ct. 123, 129, 27 A. 2d 422; *Mancini v. Penna. Rubber Co.*, 147 Pa. Superior Ct. 359, 371, 24 A. 2d 151; *Benko v. Vesta Coal Company*, 149 Pa. Superior Ct. 388, 28 A. 2d 31.

The final receipt may have been signed on April 6, 1939, as indicated by the board, but it is quite clear it was not delivered on that date. It bears a date, stamped thereon no doubt by the employer, of "Apr. 24, 1939." Any presumption that it was delivered on that date, however, is effectually rebutted by the perforations showing that it was "paid" on "7:3:39." That establishes the date of delivery. Appearing on the back is a stamped endorsement of the National Bank of Olyphant, bearing the date of July 11, 1939, and also the further endorsement "Approved July 10, 1939" signed by the Bureau of Workmen's Compensation, which support that conclusion. Although claimant first testified he signed it in May, he later stated he kept the check "for about three months" indicating that he then signed to establish his eligibility for relief payments. The latter estimate would fix the time of delivery as subsequent to July 1, when the Act of 1939 became effective and that is consistent with the perforated date of payment and the stamped bank endorsement. The date the receipt was signed is not very material as the date of delivery controls and that was not until after July 1, 1939. The claimant was required, therefore, to carry the heavier burden imposed by the Act of 1939, and, prove a mistake of law or of fact.

We will refer briefly to the medical testimony. Dr. Edgar Sturge, a specialist in orthopedic surgery for fifteen years, called on claimant's behalf at the first hearing, testified as to the absence of sensation in the fingers in question and stated there was limited flexion

of the spine and leg when he last examined claimant on April 16, 1940. He diagnosed the condition as hysterical paralysis and osteoarthritis which in his opinion were the result of the accident and left claimant unable to perform any kind of work. The testimony of the four physicians called by the defendant indicated that claimant's injuries were of a minor character, that x-rays taken disclosed no bone injury to the spine or pelvis but rather the presence of osteoarthritis of the back, which, in their opinion caused the existing disability. According to these witnesses there was no hysteria which could be reliably described as of traumatic origin.

The referee and the board evidently gave great weight to the testimony of Dr. Rutherford, the impartial expert. It was sufficiently definite on the point of causal connection to meet the test set forth in *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995, and the long line of cases succeeding it. After first reciting a lengthy history he had received and describing the symptoms in minute detail, the witness stated: "From the above symptoms both objective and subjective and from my examination of the files in this case, I am of the opinion that John Uglaky is suffering from traumatic hysteria," as the result of the accident of June 15, 1937, and estimated claimant's disability attributable to the accident as 50%, thus forming a proper basis for that phase of the award. The credibility of these medical witnesses and the weight to be attached to the testimony of each were for the consideration of the board, not the court below: *Swalm v. J. H. Brokhoff, Inc.*, 145 Pa. Superior Ct. 218, 223, 20 A. 2d 797.

We concede that a claimant's mistaken belief that disability has ceased will not warrant the setting aside of a final receipt: *Dobash v. Jeddo-Highland Coal Co.*, 141 Pa. Superior Ct. 62, 14 A. 2d 842; *Coder v. Pittsburgh Des Moines Steel Co.*, 142 Pa. Superior Ct. 407,

411, 16 A. 2d 662. The mistake here relied upon was the lack of knowledge on the part of both employer and employee as to any causal connection between the disability, which admittedly existed, and the accident. Therefore this case comes within the group of decisons headed by *McKissick v. Penn Brook Coal Co.*, 110 Pa. Superior Ct. 444, 448, 449, 168 A. 691, appearing on page 65 of the *Dobash* opinion. Lack of knowledge as to the cause of the injuries is certainly just as much a mistake within this category as lack of knowledge as to their full extent.

*Yanasavage v. Lehigh Navigation Coal Co.*, 112 Pa. Superior Ct. 479, 171 A. 404, cannot be distinguished from the instant case, as contended by the appellee, on the ground that the employee signed the receipt upon the positive assurance of the employer's physician that his hip had not been injured. A mistake of the nature here involved derives its character as such from lack of knowledge alone.

The board found upon sufficient evidence that the receipt had been executed under a mistake of fact and that the claimant continues to suffer a disability due to the accident. The requirements of the Act of 1939 were fully met. The findings of fact by the board were conclusive and the court below was without authority to change them: *Hamer v. West Virginia Pulp and Paper Co.*, 144 Pa. Superior Ct. 144, 150, 18 A. 2d 452; *Thomas v. Susquehanna Collieries Company*, 148 Pa. Superior Ct. 161, 165, 25 A. 2d 98.

Judgment reversed and record remitted to the end that judgment may be entered in favor of the claimant upon the award.