Ruby *v.* Hutchison et al., Appellants.

Argued November 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Morris M. Terrizzi,* with him *Swirles L. Himes,* of *Himes & Terrizzi,* for appellants.

*I. Newton Taylor,* for appellee.

OPINION BY HIRT, J., March 3, 1944:

Claimant was a member of a timber gang employed by defendant to clear the right of way for a new State highway. On June 12, 1939 while attempting to control the direction of fall of a tree, with a pike pole, he lost his footing and fell over a large rock. From the resulting injury to his back he was paid compensation for total disability by agreement for a period of less than 14 weeks. He was illiterate and, except for the compensation received, was destitute. On the advice of his family physician (honestly given, however) who was also the company doctor, he signed a final receipt on September 25, 1939. He continued to be totally disabled and on August 15, 1940, petitioned to have the receipt set aside. In the opinion of the referee his application was governed by the Act of June 4, 1937, P. L. 1552. On claimant's testimony, supplemented by the opinion of a medical expert, that he was still unable to return to his work because of the accident, the referee set aside the receipt and made an award for total disability on the authority of §434 of the 1937 act. The board properly concluded that since the receipt was set aside after the effective date of the Act of June 21, 1939, P. L. 520, 77 PS 1, et seq., that act controlled the proceeding.[1] From the testimony the board found that claimant was still

---

[1] When an injured employee voluntarily terminates his right to compensation, he does so in contemplation of the statutory law then in force as to the effect of the receipt and the grounds upon which it may be set aside. "The provisions of the section defining the grounds which will justify the setting aside of a final receipt will be applied as respects final receipts signed after the effective date of the act . . . . . .": *Bertges v. Armour & Co. of Del.*, 149 Pa. Superior Ct. 123, 27 A. 2d 422. The provision is procedural and not substantive and the act in force at the time the receipt is given is controlling, regardless of the provisions of the act in force at the time of the accident. *Uglaky v. Hudson Coal Co.*, 152 Pa. Superior Ct. 301, 31 A. 2d 743.

disabled and that "neither the claimant nor the defendant knew the extent of claimant's injury at the time of the execution of the final receipt." Because of doubt as to the degree of the disability, the board remanded the record to the referee. After further hearing the referee again set aside the receipt on a finding of mistake of fact and reinstated compensation for total disability; both the board and the lower court affirmed.

By §434 of the 1939 act, 77 PS 1001, a final receipt may be set aside "if it be conclusively proved that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon mistake of law or of fact." There was no mistake of law or conduct of defendant supplying ground for vacating the receipt on that ground. The single question is whether claimant has met the burden upon him of proving that he gave the receipt upon mistake of fact. *Reddicks v. Welsbach G. & E. Co.*, 124 Pa. Superior Ct. 285, 188 A. 417; *Artac v. Union Collieries Co.*, 140 Pa. Superior Ct. 499, 13 A. 2d 909. The mistake of fact contemplated by the act refers to a fact existing at the time the final receipt was signed and not to a subsequent development of an injury which was thought to be healed. *Dobash v. Jeddo-Highland Coal Co.*, 141 Pa. Superior Ct. 62, 14 A. 2d 842.

At the first hearing before the referee it appeared that the disability upon which compensation had been paid was a "strain" of the lower back, and the only injury in the contemplation of both parties when the receipt was signed, was a subluxation or dislocation of the *left* sacroiliac joint. This was established by an examination on September 21, 1939, by Dr. J. M. Keichline, an x-ray specialist. A later examination on August 13, 1940, after the receipt had been given, demonstrated that that condition was still uncorrected and in addition, ankylosis of the *right* sacroiliac joint had developed from the injury limiting movement in

the joint. This witness examined claimant again in November 1940 and found his back painful, with motion limited to about 50%. In his opinion claimant could perform only the "lightest kind of work." At the second hearing, Dr. F. S. Mainzer testified that he made a complete physical examination of claimant in November, 1941. He found spasm of the lower back muscles and tenderness over both sacroiliac joints and limitation of motion. An x-ray examination made in the same month indicated a separation of the left, and ankylosis of the right, sacroiliac joints, with a slight curvature of the lower spine. In the opinion of this witness claimant was still totally disabled and all of the conditions which he found resulted from the accident of June 12, 1939.

Thus, the injury in the contemplation of the parties when the receipt was signed was a dislocation of the left sacroiliac joint. The mistake upon which the receipt was given is the fact that there were other disabling injuries unknown to either of them, resulting in curvature of the spine and ankylosis of the right sacroiliac joint. The board found that "These additional conditions are all attributed to the accident of June 12, 1939, and were not taken into consideration at the time the final receipt was executed." The medical testimony on behalf of claimant is undisputed except by the opinion testimony of the company's doctor, and is ample to support the findings of the board. By this testimony, also, claimant has met the burden of proof upon him. *Eberst v. Sears Roebuck & Co.*, 334 Pa. 505, 6 A. 2d 577.

The present case has something in common with *Fitzpatrick v. Armour Leather Co.*, 143 Pa. Superior Ct. 231, 18 A. 2d 92; and *McKissick v. Penn Brook Coal Co.*, 110 Pa. Superior Ct. 444, 168 A. 691, in that the unknown injuries within the body were not wholly unrelated to the injury which was known to the parties when the receipt was executed.

Judgment affirmed.