Maketa *v.* Butcher, Appellant.

Argued November 13, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*James W. Scanlon,* with him *Ben Branch,* for appellant.

*Frank X. York,* for appellee.

OPINION BY RENO, J., January 18, 1946:

This workmen's compensation case was instituted by the widow of the deceased employe for herself and minor children. The compensation authorities awarded compensation, and defendant's appeal from the judgment entered upon the award by the court below raises only the question whether the employe's fatal accident occurred in the course of his employment.

Defendant was engaged in the automobile business, selling, repairing and storing cars, providing accesso-

ries and in the general operation of two garages. John L. Maketa was his utility or handy man. He sold gas and oil, lubricated automobiles and on occasion repaired or assisted in the repair of cars. He operated the tow-truck, bringing cars to the garage for repair, brought new cars to the garage and after they were sold, delivered them, as well as repaired cars, to customers. He was on duty seven days a week, worked irregular hours, and his duties did not confine him exclusively to his employer's premises.

Sometime before the day of the accident, Frank Kopack, a fellow-employe, a mechanic in the garage, brought a motor boat to defendant's garage. The motor boat was owned by Kopack. Apparently it had been agreed that Kopack might store the boat in the smaller of Butcher's two garages without the payment of rent, and that seems to have been the only interest the employer had in the boat at that time. Later, during the summer following the accident, the defendant used the boat freely and without cost. Whether this use was allowed pursuant to an arrangement made before the accident does not clearly appear. However that may be, it was shown that Maketa tested the motor and attached to the sides of the boat chromium stripping which defendant supplied. This work was performed on the employer's premises, during the usual working hours, and while the employe was under defendant's direct control. On Sunday, May 11, 1941, defendant told his employe that he would test the boat at a lake eleven miles from the garage, and three disinterested witnesses testified that they heard the defendant direct Maketa to accompany him. The narrative of one witness is typical of the substance of the testimony of all three: ". . . you [Maketa] come up [to the lake] and give me a hand in case anything goes wrong with it [the boat]." The boat was taken to the lake in a trailer attached to defendant's car, and Maketa followed in his own car. The boat was tested by three trips on the lake, Maketa participating

only in the third trip. During that trip the boat was upset, Maketa was drowned, and when his body was recovered nine days later it was still attired in the overalls supplied by defendant bearing defendant's name on the back.

Defendant contended, and testified, that at the time of the accident Maketa was merely a passenger in the boat, that he had not directed him to go to the lake and that he had gone there on his own volition and for his own pleasure. The compensation authorities did not accept his testimony, and we are not permitted to pass judgment upon his credibility or the weight of his testimony or that of his witnesses. *Bronkowski v. Colonial Colliery Co.*, 153 Pa. Superior Ct. 574, 34 A. 2d 837. To the extent that an award rests upon the findings of fact supported by sufficient competent evidence we are bound to follow them. *Sandy v. Hazel Brook Coal. Co.*, 157 Pa. Superior Ct. 33, 41 A. 2d 432; *Roland v. Frantz*, 156 Pa. Superior Ct. 640, 41 A. 2d 423; *Kramer v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 467, 25 A. 2d 607. Consequently, we are bound by their finding that the deceased was not engaged in a pleasure jaunt at his own volition, and that at the time of the accident he was actually engaged in a project directed by his employer. The evidence amply sustains the findings of fact.

The ultimate answer to the question whether Maketa was killed in the course of his employment rests not only upon findings of fact but also upon a legal conclusion. The findings of fact supported by sufficient competent evidence are immunized against judicial attack, but conclusions of law are reviewable upon appeal to the courts. *Krchmar v. Oakland Beach Co.*, 155 Pa. Superior Ct. 430, 38 A. 2d 710. No precise formula has been established which may be applied to all cases even when the facts are undisputed. *Healey v. Hudson Coal Co.*, 130 Pa. Superior Ct. 462, 198 A. 684. When the accident occurs off the employer's premises, the evidence must establish that the employe was actually engaged in furthering the busi-

ness of the employer at the time of the accident. *Palko v. Taylor-McCoy Coal & Coke Co.,* 289 Pa. 401, 137 A. 625. Even if the act in which the employe was injured was performed at the direction of the employer, but off the employer's premises, the work in which he was then engaged must have some connection or be concerned in some manner, but not necessarily close, with the business of the employer. *Zenker v. Zenker,* 93 Pa. Superior Ct. 255. Thus, where an employe of a corporation was directed by its president to perform work at his own farm in which the corporation had no interest, the injury received there was not compensable, *Gocs v. Coale's Distributing Lumber Co.,* 142 Pa. Superior Ct. 479, 16 A. 2d 720; where an employe was injured while on a Boy Scout trip in an automobile loaned to him by his employer at the employe's request, the injury was not compensable, *Gibson v. Blowers Paint Service,* 140 Pa. Superior Ct. 216, 14 A. 2d 154;[1] and where the employer's son, employed as his truck driver, was injured while driving his father's family on a pleasure trip, the injury was not compensable, *Zenker v. Zenker,* supra.

The act which Maketa performed at Butcher's direction bore a real and substantial relation to the employer's business. The motor boat had been brought to the employer's garage, tested and repaired there with the employe's assistance, and it was to be stored there. True, it was not the employer's boat, but there is no evidence that the employe knew who owned the boat. Nevertheless, the boat was being processed in the employer's place of business, and to that extent it had some connection with his business. The factual situation here presented somewhat resembles *Smedley v. Frank & Seder Co.,* 116 Pa. Superior Ct. 270, 272, 176 A. 783, where an employe was injured while moving the household goods of a fellow-employe at the direction of the employer's superintendent, and this court, in sustaining

---

[1] See also the illustrative cases collected by President Judge KELLER in the footnote at page 223.

an award of compensation, said: "Employers may properly do many acts of courtesy and service for their employees, and another employee, while doing them pursuant to directions, is not outside the scope of employment if they are *ordered* to be done, as distinguished from *permitted* to be done."

The fact that the motor boat had been upon the employer's premises, that the employe had performed work upon it, and that the employer had directed the deceased to accompany him in testing the boat, provides a legal predicate which supports compensation, even though the employer had no title to the boat and was only interested in helping its owner, another employe, as a matter of courtesy, in testing the boat. The connection between the injury and the employer's business was sufficiently close to sustain the award.

Judgment affirmed.