Prybish, Appellant, v. Heidelberg Coal Company.

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Roger J. Dever,* for appellant.

*Nathan Hyman,* with him *Frank L. Pinola,* for appellee.

OPINION BY BALDRIGE, P. J., April 10, 1946 :

Claimant appeals from an order of the Workmen's Compensation Board, affirmed by the court of common pleas, refusing to set aside a final receipt on the ground of mutual mistake of fact.

On June 16, 1941, while working alongside coal cars in defendant's mine, claimant bumped his chest on the corner of a car, causing a contusion of the left side. He was paid compensation under an open agreement dated August 2, 1941, for a period of four and six sevenths weeks. On February 25, 1942, claimant petitioned the board to set aside the final receipt he had signed on August 4, 1941, on the ground of a mistake of fact. Shortly after signing the final receipt he was admitted to the White Haven Sanitarium where he died on September 28, 1942, of tuberculosis. Claimant, who testified at the hearing held March 22, 1942, admittedly suffered from a tubercular condition prior to the accident.

Following the hearing, the referee found in favor of the claimant holding (1) that the final receipt was signed under a mistake of law and of fact, and (2) that claimant's death was caused by pulmonary tuberculosis which became active due to his accidental injury on June 16, 1941.

On appeal, the board reversed the referee on the factual issues and dismissed claimant's petition. In place of the referee's eighth finding the board found that "claimant was fully cognizant of his disabling condition when he signed the final receipt in this case on August 4, 1941," as he was at that time arranging to be admitted to the White Haven Sanitarium. Accordingly the board concluded as a matter of law that claimant had not shown such a mistake of fact as would permit him to set aside his final receipt on that ground. The board also found that there was no causal connection between the injury and claimant's total disability and death, beyond the period covered by the final receipt. On appeal the court of common pleas affirmed the board.

We are thoroughly convinced that the claimant failed to establish any such mutual mistake of fact as would invalidate the final receipt. The "mistake of fact" contemplated by section 434 of the Act of June 2, 1915, P. L. 736, as amended 77 PS §1001, refers to a fact which existed at the time a final receipt was signed and not to a subsequent development from an injury which was thought to be healed or to claimant's own belief that his disability had ceased, which was later disproved by the subsequent course of events: *Dobash v. Jeddo-Highland Coal Co.*, 141 Pa. Superior Ct. 62, cases cited p. 65, 14 A. 2d 842. To the same effect see the recent case of *Ruby v. Hutchison et al.*, 154 Pa. Superior Ct. 456, 458, 36 A. 2d 244.

Here, as the board found, claimant knew of his tubercular condition; he also was aware of the full extent of the injury caused by the blow to his chest. The only possible "mistake" or question was whether the injury activated the existing tubercular condition so as to cause his total disability and death. It must be said as a matter of law that under the findings, based upon sufficient evidence, there was no such mutual mistake of fact as is contemplated by section 434 of the act.

In any event, claimant is precluded by the board's finding against him on the question of causal connection.

We have pointed out in a number of cases that to over-throw a final receipt the evidence must be more definite and specific than that upon which initial compensation is based. This claimant was confronted not only with this burden, but with the testimony of three well-recognized specialists, each expressing an opinion that the injury sustained by the claimant did not cause, or aggravate, the tuberculosis from which he suffered. In such circumstances the board's findings are conclusive upon us on appeal: *Maketa v. Butcher,* 158 Pa. Superior Ct. 519, 45 A. 2d 256; *Bronkowski v. Colonial Colliery Co.,* 153 Pa. Superior Ct. 574, 578, 34 A. 2d 837; *Hudek v. United Engineering & Foundry Co.,* 152 Pa. Superior Ct. 493, 33 A. 2d 41.

The order of the court below is affirmed.