## Cusick v. No. 14 Coal Company et al., Appellants.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Penrose Hertzler,* for appellants.

*Thomas L. Kennedy, Jr.,* for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

This is an appeal in a workmen's compensation case in which the court below affirmed the decision of the Board and entered judgment in favor of the claimant, Joseph Cusick. The claimant, employed by No. 14 Coal Company of Pittston, was injured on October 5, 1954 by dislodged heavy timbers. Thereafter, claimant and defendant coal company entered into an agreement providing for compensation at the rate of $32.50 per week. Claimant received this weekly compensation until April 30, 1955, when he signed a final receipt. On May 13, 1955, thirteen days later, he filed a petition to set aside the final receipt, alleging that he was still disabled and still had loss of earning power as a result of the injury sustained. An answer was filed in which the allegations were denied. The Referee, after hearing the testimony, found that at the time claimant signed the final receipt, he was totally disabled and that such total disability continued until December 1, 1955, when his disability decreased to a 35% partial disability. The Referee concluded that the final re-

ceipt should be set aside and awarded compensation for total disability from May 2, 1955 to November 30, 1955, and compensation for partial disability from December 1, 1955.

From the decision of the Referee, the defendant and the intervening defendant appealed to the Board which affirmed the Referee's findings of fact and conclusions of law and order of award and dismissed the appeal. From this decision an appeal was taken to the Court of Common Pleas of Luzerne County, which affirmed the decision of the Board and entered judgment in favor of the claimant. This appeal followed.

The sole question raised for our determination is whether the claimant has produced sufficient evidence to set aside the final receipt which was knowingly executed by him.

Dr. Lewis L. Rogers testified, on behalf of the claimant, that he first examined claimant on June 21, 1955, that numerous other examinations were made and that the last examination was on March 10, 1956. Claimant's chief complaint was pain and loss of motion in the right shoulder which, upon examination disclosed sharp pain over the right acromial clavicular joint on pressure over the right short rotator cuff, and that abduction was limited to 15%. He further studied X-rays presented to him and further physical examination revealed strength in the region was very limited, and, in fact, the claimant could not hold against weight of the arm and that in the lateral movement posterior abduction was of 40 to 45 degrees. He further testified that at the time of his first examination, claimant could not have accomplished gainful employment.

Claimant testified that, although he knew he was signing a final receipt, he did so sign in the belief that he would be able to work and that, while he tried to use the arm before signing the receipt without the an-

ticipated result, he was told by his doctor at the time, Dr. Smith, to try using it, even try to force it, and that the arm would be better. Claimant further testified that when he first attempted to use this arm, he was not able to do so.

Dr. A. C. Adonizio testified on behalf of the defendant that he was the attending physician from the date of the accident to May 2, 1955, when he discharged him as able to return to work. He testified that claimant had full motion of his shoulder and arm and that he would not have loss of earning power. On cross-examination he admitted that claimant had some limitation of abduction actively. Dr. C. R. Park testified that he examined claimant on March 15, 1955, and found that the arm could be, passively, raised completely at the shoulder, and that he could return to work.

Citation of supporting cases are unnecessary for the well established propositions that (1) Workmen's Compensation Act is a remedial statute and is to receive a liberal construction; (2) findings of fact by the compensation authorities, if supported by the evidence, are binding upon us; and (3) on appeal from an award, the evidence must be viewed in the light most favorable to the claimant.

Section 434 of the Workmen's Compensation Law, 77 P.S. 1001, in effect at the time claimant signed the final receipt, gives the Board the power to set aside a final receipt at any time within two years from the date to which payment was made, if such receipt was founded upon mistake of law or of fact. The mistake, however, must be of a more definite and specific nature than that upon which initial compensation is based. *Prybish v. Heidelberg Coal Company*, 159 Pa. Superior Ct. 12, 46 A. 2d 509; *Bronkowski v. Colonial Colliery Company*, 153 Pa. Superior Ct. 574, 34 A. 2d 837.

Where one is under a mistaken belief that he has recovered sufficiently to return to work, such mistaken belief would not, of itself, warrant setting aside a final receipt. *Cooper v. Byllesby Engineering and Management Co.,* 140 Pa. Superior Ct. 158, 14 A. 2d 222. The instant case, however, shows that the mistaken belief of the claimant was not based upon his own conclusion but rather upon the advice given to him by his own doctors, to the effect that exercise would bring about the desired improvement. Obviously, if such medical advice proved to be erroneous, a reliance on such advice as an inducing factor in signing the final receipt could not be used against the claimant to defeat his application to set aside such a receipt.

A review of the record discloses that the claimant has met the burden of proof required in cases of this nature and that there was competent evidence upon which the Board could base its decision. While there was conflict in the evidence presented, that conflict was for the Board to resolve and we cannot, on appeal, substitute our own findings where there is competent and sufficient evidence to support the Board.

Judgment affirmed.