Bun *v.* Central Pennsylvania Quarry, Stripping
& Construction Co., Appellant.

Argued March 20, 1961. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*John H. Bigelow,* with him *Francis Hopkinson,* for appellant.

*Frank Kingston Smith,* with him *Hamilton and Darmopray,* for appellee.

OPINION BY WRIGHT, J., April 13, 1961:

This is a workmen's compensation case. The Referee granted claimant's petition to set aside a final receipt, and made an award. The decision of the Referee was affirmed by the Board, and the decision of the Board was affirmed by the Court of Common Pleas. The employer has appealed.

On August 30, 1956, Wasyl Bun was employed by the Central Pennsylvania Quarry, Stripping & Construction Company of Hazelton, Pennsylvania, as a common laborer on a road construction job in Franklin Township, Carbon County. While so employed, and in the course of his employment, Bun was unloading steel forms from a truck. He stepped on a loose stone, lost his balance, and sustained injuries to his lower back. On September 2, 1956, Bun was admitted to the St. Joseph Hospital in Hazelton under the care of Dr. Herman Feussner. On September 10, 1956, Bun was released from the St. Joseph Hospital, although remaining under the care of Dr. Feussner, and returned to his home in Philadelphia. On October 17, 1956, Bun and his employer entered into compensation agreement No. 6,611,061, calling for the payment of compensation for total disability.

Bun's physical condition did not improve and, early in February, 1957, with the approval of Dr. Feussner, Bun consulted Dr. Taras Rybachuk, a physician of his ethnic group.[1] On February 9, 1957, upon

---

[1] According to the appellee's brief, Bun is a displaced person of Ukrainian origin who came to this country after a youth of incarceration in concentration camps and prisons during the Second World War.

the authorization of Dr. Rybachuk, Bun was admitted to the Germantown Hospital, where he was examined by Dr. Melvin N. Wood. On February 22, 1957, Dr. Wood performed a laminectomy. Although not material so far as this appeal is concerned, we note for the sake of completeness that, on March 8, 1957, Dr. John J. Joyce operated upon a ganglion in Bun's right elbow. Bun was discharged from the Germantown Hospital on March 16, 1957. On July 15, 1957, he signed a final settlement receipt which set forth payment of compensation in total sum of $1,591.07, and stated that the amount expanded for medical services, etcetera, was $1,912.35.

On June 24, 1958, Bun presented a petition to set aside the final receipt under the provisions of Section 434 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. 1 et seq. This petition alleged that the receipt "was prematurely signed by the illiterate employe who is again hospitalized as result of the above injury and has been unable to work since the date of the injury". The employer filed an answer denying that the receipt was prematurely signed, and alleging that Bun "thoroughly understood the nature and character of the final receipt". The answer also contained the following averment: "Whatever physical injury is suffered by the claimant was not associated with or derived from his employment with defendant".

At the hearing before Referee Alessandroni on September 16, 1959, it was stipulated by counsel, inter alia, that Bun's compensation had been terminated by reason of a report to the employer from Dr. Wood. It appears that, at the direction of Dr. Wood, Bun returned to the Germantown Hospital for a period of approximately three weeks in May, 1958, and that Dr. Wood recommended another operation, the success of which he could not guarantee and to which operation

Bun refused to submit. Bun testified that, on July 15, 1957, he did not understand what he was signing and did not realize that he would not receive further compensation. Bun testified further that, at the time he signed the receipt, he still had "a lot of pain", and was not able to work. He stated that he had to lie down on the floor to put on his socks and tie his shoelaces.

Counsel for Bun did not call Dr. Wood on the ground that he was a hostile witness. Dr. David Bryk, an expert radiologist, who had made an x-ray examination of Bun's lumbar spine and pelvis, testified in detail as to the abnormalities presently existing. Dr. A. J. Rosenfield, a specialist in rheumatology, testified that Bun "was incapacitated from doing work . . . because of inability to use his lower extremity without marked pain and weakness of the lower extremity, marked pain of his lower spine upon movements of all types, and inability to perform the task of lifting, pushing, twisting, turning without excruciating pain". Dr. Rosenfield further testified that Bun's inability to perform labor was due to, and had existed continuously since, the accident which he suffered in 1956. The employer did not adduce any medical testimony to the contrary.

The Referee made, inter alia, the following findings of fact: "2. That on July 14, 1957 the claimant was still totally disabled as a result of his accident which condition continued up to and including the time of the hearing and may continue for some indefinite time in the future. 3. That the claimant signed the Final Receipt unaware of its true significance due to his limited knowledge of the English language, that at the time of the signing of said Final Receipt the claimant was disabled due to the accident". The Board added the following additional finding of fact: "4. The signing of the final receipt was induced in

part by the report of Dr. Wood that claimant had recovered from his injuries (he had not yet returned to work), which report subsequently proved to be erroneous".

Appellant's statement of the questions involved is as follows: "(a) The adequacy and character of oral testimony to invalidate a final receipt; (b) The power of the Workmen's Compensation Board to supplement the Findings of Fact of the Referee by the addition of an alleged 'Fact' without evidential support in the record; (c) The applicability of a decided case as ruling and controlling but distinguishable therefrom in vital features".

In our consideration of this appeal it is important to bear in mind the legislative history of Section 434 of the statute (77 P.S. 1001) dealing with the setting aside of final receipts. This section, as originally added by the Act of June 26, 1919, P. L. 642, provided that a final receipt could be set aside at any time "if it be proved that such receipt was procured by fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or of fact". The section was amended by the Act of June 4, 1937, P. L. 1552, to provide that a final receipt could be set aside at any time within six hundred weeks from the date of the injury if it be proved "that the injured employe was not in fact able to return to work without loss of earning power . . . or that the employe had an existing disability at the time the final receipt was taken". The section was again amended by the Act of June 21, 1939, P. L. 520, to provide that a final receipt could be set aside at any time within two years from the date to which payment is made "if it be conclusively proved that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon mistake of law or of fact". The section was finally amended by the Act of February

28, 1956, P. L. (1955) 1120, to provide that a final receipt could be set aside at any time within two years from the date to which payments have been made "if it be conclusively proved that all disability due to the accident in fact had not terminated."

Appellant's whole argument is based on the language of the 1939 amendment. Entirely overlooked is the less exacting language in the 1956 amendment, which governs the instant case because it was in effect on the date the final receipt was signed. See *Uglaky v. Hudson Coal Co.*, 152 Pa. Superior Ct. 301, 31 A. 2d 743. As a matter of fact, the 1956 amendment was in effect on the date of the accident. The only present requirement to set aside a final receipt is conclusive proof that all disability due to the accident in fact had not terminated at the time the receipt was signed. While the instant appeal is apparently the first to arise under the 1956 amendment, we are supported in our interpretation by the construction given to the substantially similar language in the 1937 amendment. In *Benko v. Vesta Coal Co.*, 149 Pa. Superior Ct. 388, 28 A. 2d 31, it was held that, under the 1937 amendment, a claimant was required to show only that he had an existing disability at the time the receipt was executed, and that the sole duty of the appellate court was to ascertain whether the findings of fact by the compensation authorities on that pivotal issue were supported by substantial and competent evidence. See also *Hite v. Rockhill Coal Co.*, 151 Pa. Superior Ct. 284, 30 A. 2d 212.

Appellant emphasizes under question (a) the use by the legislature of the words "conclusive proof". He argues that the evidence to set aside a final receipt "must not only be a preponderance (as in civil issues) but must be measured by a new and higher standard". However, as we pointed out in *Pagliaroli v. Shenango Penn Mold Co.*, 189 Pa. Superior Ct. 496,

151 A. 2d 637, the word "conclusive" is not to be interpreted in the literal sense. The term "conclusive proof" requires claimant to sustain his burden merely by proof which is clear and convincing. Our examination of this record leads us to agree with the Referee, the Board, and the court below that Bun has done so in the case at bar. It plainly appears that his disability due to the accident had not terminated when the final receipt was signed.

We deem it unnecessary to discuss at any length appellant's contentions under questions (b) and (c). Whether or not the Board's additional finding of fact has evidential support in the record is of no moment under the 1956 amendment. And if we assume arguendo that the case of *Cusick v. No. 14 Coal Co.*, 190 Pa. Superior Ct. 20, 151 A. 2d 634, relied on by the Board and the court below, has no application, that also is not material on this appeal because the *Cusick* case was decided under the 1939 amendment.

The appeal is dismissed, and the record is remitted to the court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. See *Spry v. Polt,* 186 Pa. Superior Ct. 326, 142 A. 2d 484.