## Whitehead *v.* Casey Building Wreckers, Inc., et al.

Argued May 5, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Byrd R. Brown,* for appellant.

*John T. Owens,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 16, 1972:

On August 21, 1967, Willie Lee Whitehead, claimant-appellant, fell from a wall at his place of employment and suffered a fracture of his left tibia. On October 5, 1967, a compensation agreement was entered into as a result of the injuries suffered in the accident. Under the terms of this agreement, claimant was paid compensation from August 27, 1967, to May 12, 1968, at which time claimant executed a final receipt based on a medical report, dated May 10, 1968, of John A. Perri, M.D.[1] Claimant then reported to his employer for work, but, for conflicting reasons in the record, did not resume his former employment.

Claimant thereafter unsuccessfully sought other employment and applied for and received unemployment compensation from the Pennsylvania Unemployment Compensation Bureau, after indicating on the appropriate forms that he was physically able to work.

Subsequently claimant timely filed a Petition To Set Aside the Final Receipt, and a hearing was held before Referee Jerome Myers. Referee Myers, after hearing the testimony of claimant and defendant company's manager, and after physically observing claimant's knee, granted the petition and reinstated claimant's benefits. Exceptions were filed to Referee Myers' decision by the State Workmen's Insurance Fund. These exceptions were limited to the Referee's fourth finding of fact: "Your referee finds as a fact that the final receipt was executed under mistake of fact and that the

---

[1] This report in pertinent part stated: "He is disabled to the extent that he cannot flex his knee beyond 90° and by x-ray there is some apparent incongruity of the articular surface that may pre-dispose this knee to premature osteo arthritis. However, it is my feeling, this patient could and should be able to return to his former occupation. The only limitation of activities that I impose is that this patient not be subjected to walking step ladders or working at heights in which fine balance is required."

claimant, at the time of signing, continued to be totally disabled."

The Board rendered its decision, reversing the Referee, vacated his fourth finding of fact and first conclusion of law, and substituted the following: "FOURTH [finding of fact]: Claimant was able to return to work *without any disability* or loss of earning power due to injuries received by him on August 21, 1967, when he executed a final receipt on or about May 13, 1968. FIRST [conclusion of law]: Claimant has failed to prove the allegation of his Petition To Set Aside the Final Receipt and is, therefore, not entitled to have the prayer of his petition granted." (Emphasis added.) Claimant then appealed to the Court of Common Pleas of Allegheny County, which affirmed the decision of the Board, and then to this Court.

Our scope of review, since the decision of the Board was against the claimant, is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order and can be sustained without a capricious disregard of the evidence. *Frombach v. United States Steel Corp.,* 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971); *Bednar v. Westinghouse Electric Corp.,* 194 Pa. Superior Ct. 10, 166 A. 2d 305 (1960).

The following from *Bun v. Central Pa. Quarry, S. & C. Co.,* 194 Pa. Superior Ct. 630, 634-6, 169 A. 2d 804, 806-7 (1961), concerning §434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1001 (the Act), is likewise applicable here: "In our consideration of this appeal it is important to bear in mind the legislative history of Section 434 of the statute (77 P.S. 1001) dealing with the setting aside of final receipts. This section, as originally added by the Act of June 26, 1919, P. L. 642, provided that a final receipt could be set aside at any time 'if it be proved that such receipt was procured by

fraud, coercion, or other improper conduct of a party or is founded upon mistake of law or of fact.' The section was amended by the Act of June 4, 1937, P. L. 1552, to provide that a final receipt could be set aside at any time within six hundred weeks from the date of the injury if it be proved 'that the injured employe was not in fact able to return to work without loss of earning power . . . or that the employe had an existing disability at the time the final receipt was taken.' The section was again amended by the Act of June 21, 1939, P. L. 520, to provide that a final receipt could be set aside at any time within two years from the date to which payment is made 'if it be conclusively proved that such receipt was procured by fraud, coercion, or other improper conduct of a party, or is founded upon mistake of law or of fact.' The section was finally amended by the Act of February 28, 1956, P. L. (1955) 1120, to provide that a final receipt could be set aside at any time within two years from the date to which payments have been made 'if it be conclusively proved that all disability due to the accident in fact had not terminated.' * * * The term 'conclusive proof' requires claimant to sustain his burden merely by proof which is clear and convincing.''

Language from that same Superior Court case is applicable here because it is evident from a reading of the Board's opinion that its ". . . whole argument is based on the language of the 1939 amendment. *Entirely overlooked is the less exacting language in the 1956 amendment, which governs the instant case because it was in effect on the date the final receipt was signed.* See Uglaky v. Hudson Coal Co., 152 Pa. Superior Ct. 301, 31 A. 2d 743. As a matter of fact, the 1956 amendment was in effect on the date of the accident. The only present requirement to set aside a final receipt is conclusive proof that all disability due to the accident in fact had not terminated at the time the receipt was

signed." 194 Pa. Superior Ct. at 635, 169 A. 2d at 807 (emphasis added).

As evidence of this misapplication of the law, we quote from the Board's opinion:

". . . In the case of McGahen vs. General Electric Company, 406 Pa. 57 (1962), cited in the case of Dennis vs. E. J. Lavino and Company, 203 Pa. Super. 357 at 359, the Court held that a final receipt must control unless there be of record *conclusive* proof that the receipt was procured by fraud, coercion or other improper conduct on the part of the employer or was founded on a mutual mistake of law or fact.

"In our opinion, no such conclusive proof appears of record of a mutual mistake that claimant was actually totally disabled when he signed the final receipt. The only medical evidence is Dr. Perri's statement that claimant could and should return to his former occupation."

The lower court also applied an outmoded standard for its decision affirming the Board, as evidenced by the following from its opinion: ". . . When the Compensation Act, 77 P.S. §1001 gives the board power to set aside a final receipt at any time within two years from the latest date on which payment was made, the provision specifically refers to execution of the receipt upon mistake of law or fact. The mistake must be of a more definite nature than that upon which initial compensation is based. Prybish v. Heidelberg Coal Company, 159 Pa. Super. 12, 46 A. 2d 509; Bronkowski v. Colonial Colliery Company, 153 Pa. Super. 574, 34 A. 2d 837. Where one is under a mistaken belief that he has recovered sufficiently to return to work, such mistaken belief would not, by itself, warrant setting aside a final receipt. Cooper v. Byllesby Engineering & Management Co., 140 Pa. Super. 158, 14 A. 2d 222." The court then concluded by quoting at length from the same case on which the Board had relied—*McGahen v.*

*General Electric Co.*, 406 Pa. 57, 177 A. 2d 85 (1962). That case is inapposite because there the final receipt was signed by the employee on March 28, 1952, previous to the 1956 Amendment of §434 of the Act, 77 P.S. §1001. The Supreme Court therefore decided the case on the basis of the more exacting 1939 amendment to the Act.

*Dennis v. E. J. Lavino & Co.*, 203 Pa. Superior Ct. 357, 201 A. 2d 276 (1964), mentioned by the Board, is also inapposite. That case cited the *McGahen* decision only as general support for the proposition that the courts can permit a workmen's compensation claim to be filed after the time prescribed in the statute if fraud or its equivalent is shown. The Superior Court cited *McGahen,* which had relied on the 1939 amendment to the Act and that amendment's mention of a proof of fraud as justification for setting aside a final receipt.

Thus the Board's efforts to find a "mutual mistake that claimant was actually totally disabled when he signed the final receipt," and its substituted fourth finding of fact that claimant "was able to return to work without any disability" were clearly founded on the 1939, rather than the 1956, amendment to the Act, and were clearly in error.

Nor did the Board arrive at the correct result despite its use of an improper substantive standard. It is not disputed that claimant was "disabled to the extent that he cannot flex his knee beyond 90°'" at the time he signed the final receipt and that he has a visible limp. Recognizing that the provisions of the Act are to be liberally construed in favor of the employee, *Morgan v. M. Baker, Jr., Inc.*, 204 Pa. Superior Ct. 521, 205 A. 2d 668 (1964), claimant, in accordance with §434 of the Act, 77 P.S. §1001, "conclusively proved that *all* disability due to the accident in fact had not terminated." (Emphasis added.) The undisputed medical report,

dated May 13, 1968, of Dr. Perri constituted "clear and convincing" proof of this.

The fact that Dr. Perri's statement indicated that the claimant could and should return to work is not necessarily inconsistent with this conclusion. It is quite possible (and indeed the fact here) that although "all disability due to the accident in fact had not terminated," the doctor could have recommended a return to work, provided that it be less strenuous than before. Such a proviso accompanied Dr. Perri's recommendation.

The Board further concluded that the final receipt should not be set aside because claimant had received unemployment compensation and had indicated in his application therefor his ability and availability for work. However, the merits of whether the final receipt should be set aside should not be influenced by such considerations. The following words of the Supreme Court of Florida in *Edwards v. Metro Tile Co.*, 133 So. 2d 411, 412 (Fla. 1961), are apt: "There might appear to be some inconsistency between the simultaneous acceptance of unemployment compensation benefits and workmen's compensation. However, the authorities generally agree that the apparent inconsistency disappears when we take into consideration the objectives to be accomplished by the two types of protection. A claimant for workmen's compensation benefits is expected to make a reasonable effort to secure employment. The fact that he is not able to obtain a job during the period of alleged disability will not preclude him from receiving the benefits of both types of protection. A claimant may honestly represent to the unemployment compensation agency that he is able to do some work if a job is made available to him. At the same time, with equal honesty, he might properly represent to the workmen's compensation agency that he was totally [or partially] disabled during the same period because no

one would give him a job in his then physical condition."

Likewise, in *Michael v. Roadway Express, Inc.,* 211 Pa. Superior Ct. 238, 243-4, 235 A. 2d 627, 629-30 (1967), the Court stated: "Appellant's final contention is that it is against public policy to permit simultaneous recovery under the Workmen's Compensation and the Unemployment Compensation Acts. . . . [W]e conclude that compensation for partial disability and unemployment compensation are not inconsistent, for implicit in the theory of partial disability is the concept of partial ability, i.e., the ability to do some work, albeit less remunerative than that done prior to the injury creating the disability, and it is for loss of earnings on this remaining ability that unemployment compensation may be obtained."[2] *See Shutta v. Radio Corporation of America,* 73 Lack. Jur. 5 (1972) ; *Gabello v. F. W. Woolworth Co.,* 62 Lack. Jur. 225 (1961).

Since we decide for the above reasons that the final receipt should be set aside, we need not discuss claimant's contention that a second report by Dr. Perri, dated shortly before the referee's hearing, was inexplicably excluded from the record before the Board.

The order of the Court of Common Pleas of Allegheny County is vacated, and the record is remanded to the Workmen's Compensation Board for further proceedings consistent with this opinion.

-----

[2] We note, however, under §204 of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, No. 284, §204, as amended, 77 P.S. §1304, ". . . That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of the occupational disease act." *See Mackey v. Swift & Co.,* 8 Cumb. L. J. 104, 12 D. & C. 2d 191 (1957) ; Note, *Workmen's Compensation—Receipt Concurrent With Unemployment Compensation,* 17 U. Miami L. Rev. 90 (1962).