Roland *v.* Frantz et al., Appellants.

Argued December 11, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Allan K. Grim,* with him *Stevens & Lee,* for appellants.

*John W. Speicher,* for appellee.

OPINION BY RHODES, J., March 5, 1945:

This case has been before us, and is reported in *Roland v. Frantz et al.,* 134 Pa. Superior Ct. 24, 3 A. 2d 279. We reversed the court below, and remitted the record with direction to return it to the Workmen's Compensation Board for further action. The board remanded the record to a referee for further hearing and determination in accordance with our opinion. A misunderstanding of the import of our opinion is apparently the reason for a considerable portion of the litigation in this case. It is unfortunate that a case of this type is in the courts for final determination almost ten years after the alleged accident on July 18, 1935. Death occurred to the husband of claimant on the same day.

The proceedings have been lengthy, and began when claimant filed her claim petition on August 12, 1935, to which defendants filed an answer. A hearing was held before the referee on January 10, 1936. On April 25, 1936, the referee disallowed compensation. On May 19, 1936, claimant appealed to the board. On May 28, 1937, the board reversed the referee and made an award in favor of claimant. Defendants then appealed to the court of common pleas, which sustained the board and entered judgment in favor of claimant. Defendants thereupon appealed to this court which reversed the court below with a remittitur. Subsequently, the board referred the case to a referee for further hearing which was held on November 17, 1939, and additional testimony taken. On July 15, 1941, the referee rendered his decision disallowing compensation. Claimant appealed to the board, which, on April 6, 1942, affirmed the referee's order of disallowance. Claimant thereupon appealed to the court of common pleas, which, on November 2, 1942, sustained the exceptions, reversed the board, and remitted the record to the board with

directions to take action in accordance with its opinion. The matter was again referred to a referee, who fixed August 26, 1943, as the date for hearing. Neither side offered any additional testimony, and on August 31, 1943, the referee again made an order of disallowance. From this order of disallowance by the referee, claimant appealed to the board, which, on June 16, 1944, filed its opinion in which it affirmed the findings of fact of the referee and his conclusions of law, and dismissed claimant's appeal. Claimant again appealed to the court of common pleas, which, on October 2, 1944, sustained the exceptions to the board's order of June 16, 1944, affirmed the award of the board of May 28, 1937, and entered judgment for claimant. Defendants' appeal from this judgment is now before us.

When this case was previously before us, 134 Pa. Superior Ct. 24, 3 A. 2d 279, it was remitted in order that the cause of deceased's death might be determined. At that time we were of the opinion that the testimony was insufficient to indicate the cause of death, and that additional testimony should be taken in order that the claim could be disposed of on its merits. Upon the return of the case to the compensation authorities, it was fully open to be tried de novo; a basic question of fact was to be determined. *Dosen v. Union Collieries Co.,* 150 Pa. Superior Ct. 619, 622, 29 A. 2d 354. Without the equivalent of a new trial, the claim could not be disposed of on its merits as we directed. This is not a case where the record was remitted to the board for more specific findings of fact under section 427 of the Act of June 2, 1915, P. L. 736, as amended and reenacted, 77 PS §877 (*Soroka et ux. v. Philadelphia & Reading Coal & Iron Co.,* 138 Pa. Superior Ct. 296, 301, 10 A. 2d 904), but rather under the subsequent portion of the same section which provides for remission for further hearing and determination. 77 PS §879. The board had a right to reverse the previous decision and disallow compensation; it was not bound

by the action of the prior board any more than a court, when sitting as a fact-finding body, rehearing a case, is bound by the findings of a prior court, or a jury on a retrial is bound by the verdict of a former jury. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 334, 24 A. 2d 51; *Icenhour v. Freedom Oil Works Co. et al.*, 136 Pa. Superior Ct. 318, 323, 7 A. 2d 152. Thereafter, the only question before the court was whether the board's findings of fact were consistent with each other and with its conclusions of law and its order, and could be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.*, supra, page 333; *Roberts v. John Wanamaker, Philadelphia et al.*, 151 Pa. Superior Ct. 297, 302, 30 A. 2d 189.

The evidence now discloses that this was not a heat stroke case, that deceased was suffering from advanced myocarditis, and that any kind of exercise was likely to cause his death. Although the temperature was high and there was some humidity on the day of deceased's death, there was testimony that there was nothing unusual about the work that day, and that the working conditions were "on the average." There is also testimony that death might have occurred at any time without the existence of any supervening cause, and that the work which deceased was performing and the conditions at the time were not contributing factors. The existence of a factor which might have hastened death was not conclusive proof that such factor did cause death. See *Monahan v. Seeds & Durham et al.*, 336 Pa. 67, 73, 6 A. 2d 889.

The evidence clearly supported the findings of the compensation authorities that deceased died from acute cardiac failure; that his death was in no way related to his employment; and that at the time of his collapse he was performing his ordinary work and suffered no accidental injury. See *Good v. Pennsylvania Department of Property and Supplies et al.*, 346 Pa. 151, 154,

30 A. 2d 434. The judgment must be reversed.

No matter what our opinion may be relative to the merits of such a case, we have no power to find facts; nor has the court below. The findings of fact, supported by substantial competent evidence, are therefore conclusive.

Judgment is reversed, and now entered for defendants.