## Snyder *v.* Hoffman et al., Appellants.

Argued April 17, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David M. Kaufman,* with him *R. Murray Gibson, Jr.,* for appellants.

*Sidney E. Rosenblum,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

On December 20, 1939, the claimant, while acting in the course of her employment, slipped and fell on an icy pavement, fracturing her hip. By agreement, approved January 24, 1940, the claimant was awarded the sum of $10.00 per week beginning December 27, 1939, payable semi-monthly, and medical and hospital expenses, subject to the limits of time and amount provided by the Workmen's Compensation Act, and subject to modification or termination by supplemental agreement, order of the Compensation Board or final receipt. On September 14, 1942, the defendant filed a petition for modification, and after an answer by the claimant a hearing was held before the referee, who dismissed the petition. The defendant thereupon appealed to the Workmen's Compensation Board which, after hearing, dismissed the appeal and affirmed the referee's order with an immaterial modification in the referee's findings of fact. The defendant appealed to the Court of Common Pleas of Lawrence County, which affirmed the board, and this appeal was taken.

The modification sought was to provide for loss of claimant's left leg (Act of June 2, 1915, P. L. 736, section 306(c), as reënacted and amended, 77 PS sec. 513) instead of total disability (Act of June 2, 1915, P. L. 736, section 306(a), as reënacted and amended, 77 PS sec. 511). The relevant provision of Section 306(c), supra, provides, inter alia, as follows: "For the loss of a leg, sixty-six and two-thirds per centum of wages during two hundred and fifteen weeks . . . Permanent loss of the use of a . . . leg . . . shall be considered as the equivalent of the loss of such . . . leg . . .". The phrase "permanent loss of the use" of a member contemplates

that the injury is permanent, resulting in the actual loss (amputation) of the leg or the permanent loss of its use equivalent to the loss of the leg. *Flood v. Logan Iron and Steel Co.,* 145 Pa. Superior Ct. 206, 20 A. 2d 792.

Appellants contend that the claimant has suffered a permanent loss of the use of her left leg and that her disability is confined to the left leg. The only witness in the case, Dr. P. H. Wilson, called by the defendant, testified that while at times the claimant walks with a limp, at other times she is able to walk fairly well—"It (the limp) comes and goes"; that her left leg "is not very useful"; that her disability is not confined to her leg; that she suffers considerable pain in her back. He also testified that she has lost the industrial use of her leg, but, as this court stated in *Flood v. Logan Iron and Steel Co.,* 145 Pa. Superior Ct. 206, 20 A. 2d 792, supra, ". . . the word 'industrial', so frequently used by counsel and by the compensation authorities in cases involving the 'loss of the use' of a member, is not found in Section 306(c)."

As the appellants are the ones who are seeking to change the status created by the parties themselves when they entered into their compensation agreement, the burden of proof is on them. *Carson v. Real Estate-Land T. & T. Co.,* 109 Pa. Superior Ct. 37, 165 A. 677. The board found that there has been no change in the claimant's physical condition since the agreement was entered into and, therefore, concluded that the appellants had not met the burden of proof placed upon them. This decision being against the parties having the burden of proof, and our examination of the record disclosing no capricious disregard of the competent evidence, it is conclusive. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Kline v. Kiehl et al., Appellants,* 157 Pa. Superior Ct. 392, 43 A. 2d 616.

Order and judgment affirmed.