## Monarko *v.* Culmerville Coal Company (et al., Appellant).

Argued April 23, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*S. H. Torchia,* with him *Ralph H. Behney, Harry M. Jones* and *James H. Duff,* Attorney General, for appellant.

*Samuel Krimsly,* for appellee.

PER CURIAM, May 27, 1946:

In this workmen's compensation case there was an open agreement for total disability. A petition for modification was filed by defendant's insurer, State Workmen's Insurance Fund. The modification sought was to provide for loss of claimant's left leg (Act of June 2, 1915, P. L. 736, § 306 (c), as reenacted and amended, 77 PS § 513) instead of total disability (Act of June 2, 1915, P. L. 736, § 306 (a), as reenacted and amended, 77 PS § 511). The burden of proof of the alleged change was on defendant and its insurance carrier. *Flood v.*

*Logan Iron & Steel Co. et al.,* 145 Pa. Superior Ct. 206, 212, 20 A. 2d 792.

The referee found that claimant was still totally disabled and dismissed the petition for modification. The Workmen's Compensation Board reversed the referee and found that claimant's disability resulting from the accidental injuries described in the agreement had changed from a total disability to the specific loss of use of claimant's left leg.

On appeal the court below set aside the findings of fact and the conclusions of law of the board, reinstated the findings and conclusions of the referee, and entered judgment in favor of claimant accordingly. That court was of the opinion that the board's conclusion was not in harmony with the facts, and that its material and basic finding was insufficient as a matter of law.

A relevant provision of the statute is section 306 (c), 77 PS § 513, which, inter alia, provides as follows: "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: . . .

"For the loss of a leg, sixty-six and two-thirds per centum of wages during two hundred and fifteen weeks. . . .

"Permanent loss of the use of a . . . leg . . . shall be considered as the equivalent of the loss of such . . . leg . . ."

The court below reversed the board on a basic question of fact, and the record should have been returned to the board for further hearing and determination. See *Lipstok v. Haddock Mining Co.,* 156 Pa. Superior Ct. 644, 646, 41 A. 2d 425, affirmed 353 Pa. 139, 44 A. 2d 553. The extent and the cause of claimant's disability are for the board. Claimant's incapacity may be total, but nevertheless his compensation may be fixed by section 306 (c), 77 PS § 513. See *Thatcher v. Weinstein et al.,* 154 Pa. Superior Ct. 368, 35 A. 2d 549.

It was not within the province of the court below to substitute the referee's findings of fact and conclusions of law for those of the board, and enter judgment on the basis of those findings and conclusions. See *Powell v. Hills Garage et al.,* 150 Pa. Superior Ct. 17, 20, 27 A. 2d. 773; *Apker v. Crown Can Co. et al.,* 150 Pa. Superior Ct. 302, 304, 28 A. 2d 551.

Judgment of the court below is reversed, and the record is remitted to that court with direction to return it to the Workmen's Compensation Board for further hearing and determination.