Shull, Appellant, *v.* Sears, Roebuck and Company.

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Arnold M. Snyder,* for appellant.

*Bernard M. Borish,* with him *Seymour Kurland,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION BY FLOOD, J., June 15, 1961:

Plaintiff's knee was injured in the course of her employment on March 28, 1957. She continued to work until June 7th, and then was hospitalized until June 22, 1957. During this hospitalization, an operation was performed to remove a torn cartilage from her knee. On July 15, 1957, the parties entered into a compensation agreement, reciting that the date of accident was March 28, 1957 and the date disability began was June 7, 1957, and providing for compensation at the rate of $33.77 per week, beginning June 14, 1957. On August 29, 1957, plaintiff executed a final receipt and returned to work. On December 26, 1957, she was laid off because of a reduction in force.

On January 21, 1958, plaintiff filed a petition for reinstatement of compensation. The board denied her petition upon the ground that no causal connection between her disability in 1958 and the accident of March 28, 1957 had been established by legally sufficient expert medical testimony.

Plaintiff urges on this appeal that the compensation agreement of July 15, 1957, constitutes an acknowledgement by the employer that her injury was accidental and resulted in the disability that began on June 7, 1957, and since there was evidence that this disability continued without intermission until January 21, 1958, the employer is estopped to deny plaintiff's right to compensation for her present disability. While the employer may be estopped to deny the accident of March 28, 1957, we fail to see how the estoppel runs against the defendant as to a disability for a period following the execution of a final receipt.

The plaintiff worked from August to December, 1957, when she was laid off for reasons other than disability. When she asked for reinstatement in 1958, since she had executed a final receipt the burden was upon her to show a continuance or recurrence of the

disability which resulted from the accident; *Gill v. Fives*, 170 Pa. Superior Ct. 564, 88 A. 2d. 109 (1952). Her testimony that she suffered continuous disability after August 29, 1957 is flatly contradicted, insofar as it implies causal connection between the accident and the disability in 1958, by defendant's medical testimony. The lapse of time makes the medical testimony important. Therefore, we have an issue of credibility for the board, and its findings based as they are upon competent medical testimony upon a point upon which the plaintiff has the burden of proof, are binding.

Judgment is affirmed.