## Dixon, Appellant, *v.* Shapiro.

536

Argued March 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Jacob J. Kilimnik*, with him *Joseph A. McNeal*, for appellant.

*Raymond J. Porreca*, for appellees.

OPINION BY WATKINS, J., June 11, 1964:

This is an appeal from a decision of the Court of Common Pleas No. 2 of Philadelphia County affirm-

ing the decision of the Workmen's Compensation Board. The claimant, Robert Lee Dixon, suffered an accident in the course of his employment on June 23, 1957. He was riding the truck of his employer; the truck stopped, and a box weighing approximately 100 pounds started to fall; the claimant grabbed the same and fell off the truck, sustaining multiple contusions of the left elbow, chest, abdomen and lumbar spine.

An open agreement was entered into by the parties and compensation was paid for 12 weeks in accordance therewith. He signed a final receipt on September 27, 1957. Subsequent to the signing of this receipt he worked as a grain mixer and a truck driver, delivering bags of grain, between February 5, 1958 to July 18, 1958 and from September 17, 1958 to May 29, 1959.

He did testify that his work was performed with difficulty but he did not consult a physician until June 29, 1959. A spinal operation was performed in October, 1959. He was 22 years of age at the time of the hearing. At the time of the signing of the final receipt claimant was a minor and illiterate. Although he went to the fourth grade, he cannot read and can only write his name. On June 26, 1959, he filed a petition to set aside the final receipt and for modification of the open agreement under §§413, 434 of the Workmen's Compensation Act, 77 PS §§771, 1001, on the ground that it was entered into through ignorance and without representation of counsel and that his disability had not ceased or had recurred; and that he had executed it under a mistake of law and fact.

The referee set aside the final receipt finding that the claimant's disability recurred and reinstated compensation. He found as a fact: "3. That the claimant's total disability recurred during the period July 18, 1958 to September 17, 1958 and he again became totally disabled on May 30th, 1959, which condition persisted to the time of hearing and may continue indefinitely."

The Board affirmed the setting aside of the final receipt but remanded the record to the referee for the appointment of an impartial physician because of the conflicting medical opinions as to the residual disability resulting from the accident disclosed by the referee's hearing and findings.

Subsequent to the testimony of the impartial medical witness the board, after carefully discussing the medical testimony, was of the opinion that "there is acceptable and competent testimony which establishes that the claimant suffered from a pre-existing congenital back condition. We are also satisfied that the subject accident aggravated this condition by damaging the soft tissues." The board, after weighing all the medical testimony, amended the referee's finding of fact which reads: "which condition persisted to the time of hearing and may continue indefinitely", and substituted therefor, "which condition persisted until April 13, 1960." The claimant appealed.

It is well settled that the board is the ultimate fact finding body and that it may reject, change or adopt the findings of the referee. *Erwin v. L. & H. Construction Co.*, 192 Pa. Superior Ct. 632, 161 A. 2d 639 (1960). "It is well settled that the credibility of expert witnesses and the weight to be attached to their testimony, are matters exclusively for the board and in a conflict of medical opinion it is for the board to decide which conclusion it will adopt." *Gasior v. Pittsburgh*, 188 Pa. Superior Ct. 371, 146 A. 2d 320 (1958). This is true even where the testimony of an impartial medical witness is involved. *Zbieg v. Rochester & Pittsburgh Coal Co.*, 175 Pa. Superior Ct. 308, 104 A. 2d 158 (1954). The question whether the claimant is disabled and the extent of his disability is exclusively one of fact and to be determined by the board; and if supported by competent evidence, as here, the findings cannot be disturbed by the reviewing court.

Here, the fact finder found that there was disability due to the accident that continued until April 13, 1960 due to the aggravation of the soft tissues caused by the disease but held that the permanency of this disability thereafter was due to the congenital deformity and not the accident. As the impartial physician said, ". . . he incurred some disability due to injury of the soft tissues, soft parts, but no change in the bony structures whatsoever and no damage to the intervertebral disc and those injuries should have cleared up in less than 6 weeks or maybe three months; . . .". It was his opinion that a degenerative arthritis was due to birth anomalies and "life's stress and strain" and that he deemed it inconceivable that the accident "could be responsible for symptoms out of proportion to the actual injury".

If the board determined that the extent of this claimant's injury was due to the normal progress of the disease so that the claimant failed to prove the causal connection between the accident and his continuing disability beyond the date fixed by the board is supported by competent evidence, its findings cannot be disturbed by this Court. *Shull v. Sears, Roebuck and Company*, 195 Pa. Superior Ct. 342, 171 A. 2d 605 (1961).

As we said in *Shull v. Sears, Roebuck & Co.*, supra, at page 344: "Therefore, we have an issue of credibility for the board, and its findings based as they are upon competent medical testimony upon a point upon which the plaintiff has the burden of proof, are binding." In the *Shull* case, supra, the board refused to reinstate compensation because of no causal connection. Here, the board reinstated compensation but determined as a fact the extent of disability.

It should be pointed out that the burden of proof in this case would have shifted from the plaintiff to the defendant if this had only been a petition to set

aside a final receipt, as in the *Shull* case, supra. The open agreement would have been reinstated upon the setting aside of the final receipt and any further proceeding must have been in the nature of modification or termination of disability and the burden of proof would then have been on the defendant. However, this claimant not only petitioned to set aside the final receipt under §434, supra, but also petitioned under §413, supra, to modify the original agreement. The burden, therefore, remained with the plaintiff just as in the *Shull* case, supra.

The finding of the board in setting aside the final receipt and holding the disability continued until April 13, 1960, is in favor of the party having the burden of proof and is supported by competent evidence. The denial that disability extended beyond that date is against that party having the burden of proof and the findings are consistent with each other and with the conclusions of law and the order. They can be sustained without a capricious disregard of the competent evidence.

On April 5, 1962, three months after the board's decision, the claimant filed a petition for a re-hearing, in which it was averred that an operation was performed on the claimant on February 7, 1962. The board, on June 27, 1962, held the petition to be defective in that there was no allegation of relationship between the operation and the accident of five years before and because it lacked the required medical affidavit in violation of the board's rules of procedure; but the board also held that "it should also be mentioned that the evidence is clear that the claimant suffered from a pre-existing congenital back condition, so that the surgery in question may well be connected to that unrelated condition. We carefully considered all the testimony of record before terminating compensation. We fail to see any compelling reason why the

case should be reopened and its final conclusion postponed."

An attempt was made to correct the procedural error by the filing of a doctor's affidavit on October 14, 1963, twenty months after the appeal. We agree with the court below that the refusal of a re-hearing was not an abuse of the board's discretion; and that the court's decision was proper for the further reason that no appeal was ever taken by the claimant from the decision of the board denying the re-hearing.

Order affirmed.